## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENORE JOHN, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br><br> FIRST NATIONAL COLLECTION BUREAU, INC.; and JOHN DOES 1-25. <br><br> Defendant(s). | Civil Case Number: _____ <br><br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Lenore John, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, First National Collection Bureau, Inc. (hereinafter "FNCB"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FNCB is a foreign corporation with its primary offices located at 610 Waltham Way, Sparks, Nevada 89434.

8.      Upon information and belief, FNCB is primarily in the business of collecting debts allegedly due to another.

9.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from the Defendant that contained at least one of the alleged violations arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.     Whether Defendant violated various provisions of the FDCPA;

  b.     Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

13.     Sometime prior to June 5, 2012, Plaintiff allegedly incurred a financial obligation to Home Depot.

14.     The Home Depot obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15.     At sometime prior to June 5, 2012, the Home Depot obligation was assigned to Arches Financial, LLC.

16.     At the time the Arches Financial, LLC received assignment of the Home Depot obligation, said obligation was in default.

17.     At some time prior to June 5, 2012, Arches Financial, LLC, assigned said obligation to FNCB for the purpose of collection.

18.      FNCB contends that the alleged obligation is in default.

19.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

21.     FCNB collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

22.     FNCB is a "debt collector" as defined by 15 U.S.C. §1692a(6).

23.     On or about June 5, 2012, FNCB caused to be delivered to Plaintiff a collection letter addressed to Plaintiff. A copy of said letter is annexed hereto as Exhibit A.

24.     Said letter was sent or caused to be sent by persons employed by FNCB as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25.     Said letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

26.     Said letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27.     Upon receipt, Plaintiff read said letter.

28.     On information and belief, said letter is a computer – generated form letter, that is prepared for FNCB and sent to consumers from whom it is attempting to collect a debt.

29.     Said letter stated in part, "Our client ARCHES FINANCIAL, LLC is offering you a settlement of $655.11 in 6 payments over 6 months starting on 06/26/12. (21 days)".

30.     Said letter further stated, "Payments may not be more than 30 days apart or this settlement may be cancelled.  Please send in the payments along with the payment stub to the address listed on the coupon."

31.     Said letter contained six detachable coupons each with the following "DUE DATE" and "PAYMENT AMT."

```
            1 of 6  06/26/12      $109.19
            2 of 6  07/26/12      $109.19
            3 of 6  08/25/12      $109.19
            4 of 6  09/24/12      $109.19
            5 of 6  10/24/12      $109.19
            6 of 6  11/23/12      $109.19
```
(Exhibit A).

32.     The total of all payments as set forth in the six coupons attached to the letter sent to Plaintiff equals $655.14.

33.     Said letter also states that Plaintiff may pay the alleged debt by credit card, but FNCB charges a transaction fee for doing so:

> Payment by Credit Cards - Transaction Fees
> MasterCard and Visa: $5.00 per $150.00

(Exhibit A).

34.     Said letter did not state the Transaction Fee should Plaintiff choose to pay the alleged debt with a Discovery Card.

35.     The transaction fee sought by FNCB exceeds any service charge FNCB incurs from its credit card processor or vendor.

## POLICIES AND PRACTICES COMPLAINED OF

36.     It is FNCB's policy and practice to send initial written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by inter alia:

(a)     Stating a settlement amount, which is less than the total amount of the payments in the attached payment coupons;

(b)     Requiring that payments not be more than 30 days apart of the settlement may be cancelled, when in fact they only need to be received by the stated due dates;

(c)     Attempting to pass through to the consumer artificially inflated transaction fees resulting in hidden charges and overcharges; and

(d)     Stating that "Transaction Fees" are assessed on a per $150.00 payment basis is deceptive as it leaves the consumer to guess if the fees apply to her account, and if so how much.  It is unclear whether payments by credit card of

less than $150.00 will result in the sum-certain transaction fee, a percentage of the

fee based on the size of the payment, or no fee at all.

37.     On information and belief, FNCB sent a written communication, in the form

annexed hereto as Exhibit A, to at least 50 natural persons in the State of New Jersey, within one

year from date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

38.     Plaintiff repeats the allegations contained in paragraphs 1 through 37 as if the

same were set forth at length.

39.     FNCB violated the FDCPA. FNCB violations with respect to its written

communications in the forms annexed hereto as Exhibit A include, include but are not limited to,

the following:

> (a)     Misrepresenting the true amount of the settlement offer by stating a
>
> settlement amount, which is less than the total amount of the payments in the
>
> attached payment coupons, in violation of 15 U.S.C. § 1692e, and § 1692e(10);
>
> (b)     Misrepresenting the true period in which each payment must be received
>
> by.  FNCB requires that payments not be more than 30 days apart or the
>
> settlement may be cancelled, when in fact they only need to be received by the
>
> stated due dates.  However, collection letter also states a "DUE DATE" on each
>
> payment coupon, causing the least sophisticated consumer to be unsure as to
>
> whether each payment must be received within 30 days from the last payment
>
> received or by the "DUE DATE" on the payment coupon, which may or may not

be more than 30 days from the last received payment, in violation of  15 U.S.C. § 1692e, and § 1692e(10);

(c)    Attempting to pass through to the consumer artificially inflated transaction fess resulting in hidden charges and overcharges is deceptive and misleading and is violation of 15 U.S.C. § 1692f(1); and

(d)    Stating that "Transaction Fees" are assessed on a per $150.00 payment basis is deceptive as it leaves the consumer to guess if the fees apply to her account, and if so how much.  It is unclear whether payments by credit card of less than $150.00 will result in the sum-certain transaction fess, a percentage of the fee based on the size of the payment, or no fee at all, in violation of 15 U.S.C. § 1692e; § 1692e(10) and of  15 U.S.C. § 1692f(1).

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff and the Class actual damages

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: Fairfield, New Jersey
       June 25, 2012

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/  Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.

Dated: June 25, 2012

*/s/  Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

To: P. 002/002

## First National Collection Bureau, Inc.
610 Waltham Way • Sparks, NV 89434
(800) 824-6191

June 05, 2012



Dept. # 21377
PO Box 1259
Oaks, PA 19456

ADDRESS SERVICE REQUESTED

Office Hours: Mon. - Fri. 6 a.m. - 6 p.m.,
Sat. 6 a.m. - 12 noon
Pacific Standard Time

**Please remit all correspondence to the above address**

21299 - 551

LENORE JOHN
425 SANFORD AVE APT 4538 A
NEWARK NJ   07106-1171

Creditor: ARCHES FINANCIAL, LLC
Original Creditor: HOME DEPOT
Original Account #:
Ref #:
Total Due: $1,310.22

### SETTLEMENT OFFER
### 50% IN 6 PAYMENTS

Our client ARCHES FINANCIAL, LLC is offering you a settlement of $655.11 in 6 payments over 6 months starting on 06/26/12. (21 days)
Once payments of $109.19 have been paid to our office on time, we will consider this account settled in full.
Payments may not be more than 30 days apart or this settlement may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon.
This settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter. If we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety.
We are not obligated to renew this offer.
If you wish to speak with a representative please call (800) 824-6191.
Sincerely,

First National Collection Bureau, Inc.
(800) 824-6191

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

IF PAYING BY VISA, MASTERCARD, OR DISCOVER, COMPLETE BELOW

For your convenience, if you would like to make your payment online, visit our website at www.fncbinc.com.

Payment by Credit Cards - Transaction Fees
MasterCard and Visa: $5.00 per $150.00

**Detach Coupons And Mail Payment**

| 1 OF 6 | 2 OF 6 | 3 OF 6 |
|---|---|---|
| Ref #: | Ref #: | Ref #: |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. |
| PO BOX 51660 | PO BOX 51660 | PO BOX 51660 |
| SPARKS, NV 89435 | SPARKS, NV 89435 | SPARKS, NV 89435 |
| PAYMENT AMT - $109.19 | PAYMENT AMT - $109.19 | PAYMENT AMT - $109.19 |
| DUE DATE - 06/26/12 | DUE DATE - 07/26/12 | DUE DATE - 08/25/12 |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT |

| 4 OF 6 | 5 OF 6 | 6 OF 6 |
|---|---|---|
| Ref #: | Ref #: | Ref #: |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. |
| PO BOX 51660 | PO BOX 51660 | PO BOX 51660 |
| SPARKS, NV 89435 | SPARKS, NV 89435 | SPARKS, NV 89435 |
| PAYMENT AMT - $109.19 | PAYMENT AMT - $109.19 | PAYMENT AMT - $109.19 |
| DUE DATE - 09/24/12 | DUE DATE - 10/24/12 | DUE DATE - 11/23/12 |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT |



From:



Page:002   R=93%